# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0341, <u>Andrea Henel v. Dillon Guyer d/b/a Guyer Travel International</u>, the court on February 14, 2020, issued the following order:**

Having considered the defendant's brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Dillon Guyer d/b/a Guyer Travel International, appeals an order of the Circuit Court (<u>Gardner</u>, J.), following a bench trial, entering judgment for the plaintiff, Andrea Henel, in the amount of $800 plus costs of $90 on her small claim complaint. In its narrative order, the trial court found that the parties had entered into a "travel agent-client relationship," that the defendant had represented to the plaintiff that "there are no fees, and that he receives payment from the destinations or cruise lines," that the plaintiff subsequently paid the defendant a deposit of $800 without prior notification that it was nonrefundable, and that the defendant retained the deposit after not successfully booking a trip for the plaintiff. On appeal, the defendant argues that the trial court erred by finding that the plaintiff was unaware that the deposit was nonrefundable, claiming that the plaintiff "committed perjury" during her testimony and that written evidence contradicts the finding.

We uphold the trial court's findings and rulings unless they are unsupported by the evidence or legally erroneous. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). It is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented, and we defer to the trial court's judgment on issues such as resolving conflicts in testimony, evaluating the credibility of witnesses, and determining the weight of the evidence. <u>Id</u>. On appeal, we do not review whether we would have reached the same result as the trial court, but rather whether a reasonable person could have reached the same decision that the trial court reached based upon the same evidence. <u>Id</u>.

It is the defendant's burden, as the appealing party, to provide a record that is sufficient to resolve the issues he is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the [appealing] party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the [appealing] party shall include in the record a transcript of all evidence relevant to such finding or conclusion."). Absent a transcript, we assume that the evidence was sufficient to support the result reached by the trial court, <u>Bean</u>, 151 N.H. at

250, and review the trial court's order for errors of law only, <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).

In this case, the defendant has not provided a trial transcript. Accordingly, we assume that the evidence was sufficient to support the trial court's decision. <u>Bean</u>, 151 N.H. at 250. Based upon the record provided on appeal, we cannot say that the trial court's order was either unsupported by the evidence or legally erroneous. <u>Cook</u>, 149 N.H. at 780.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**